IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

NELNET, INC.                                                PLAINTIFF/COUNTER-DEFENDANT

V.                                                                    CAUSE NO.: 4:11-cv-03216

RUDY J. VIGIL                                           DEFENDANT/COUNTER-PLAINTIFF

## ANSWER AND COUNTER-CLAIM

COMES NOW, Rudy J. Vigil (Vigil), filing and serving this his Answer and Counter-Claim against Nelnet, Inc. (Nelnet), stating as follows, to wit:

### FIRST AFFIRMATIVE DEFENSE

Nelnet's Complaint against Vigil must be dismissed because this Court lacks personal jurisdiction over Nelnet's claims.

### SECOND AFFIRMATIVE DEFENSE

Nelnet's Complaint against Vigil must be dismissed because this Court is an improper forum for Nelnet's claims.

### THIRD AFFIRMATIVE DEFENSE

Nelnet's Complaint against Vigil must be dismissed because it fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Nelnet's Complaint against Vigil must be dismissed because it fails to join a necessary and indispensable party.

### FIFTH AFFIRMATIVE DEFENSE

Nelnet's Complaint against Vigil must be dismissed because it fails to allege special damages with specificity.

1

## SIXTH AFFIRMATIVE DEFENSE

The claims alleged in Nelnet's Complaint against Vigil were discharged in the District of Colorado Bankruptcy Court.

## SEVENTH AFFIRMATIVE DEFENSE

The contract referred to by Nelnet in its Complaint is unenforceable because it was procured through fraud and oppression.

## EIGHTH AFFIRMATIVE DEFENSE

The contract referred to by Nelnet in its Complaint is unenforceable as a matter of public policy or due to lack of consideration.

## NINTH AFFIRMATIVE DEFENSE

The contract referred to by Nelnet in the Complaint is an illegal restraint on Vigil's duty and right to report violations of federal and state laws or regulations.

## TENTH AFFIRMATIVE DEFENSE

Nelnet's claims against Vigil alleged in the Complaint were waived by Nelnet when it failed to raise those claims, to the extent it had one, as a counter-claim when the *qui tam* was served upon Nelnet.

## ELEVENTH AFFIRMATIVE DEFENSE

Nelnet's claims against Vigil alleged in the Complaint were released by Nelnet.

## TWELFTH AFFIRMATIVE DEFENSE

Nelnet's claims against Vigil alleged in the Complaint are barred by the statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Vigil raises all defenses he may have against Nelnet, equitable and legal, once he receives sufficient documentation upon which Nelnet bases its claims against Vigil

### FOURTEENTH AFFIRMATIVE DEFENSE

Nelnet's claims alleged against Vigil in the Complaint should be dismissed because they infringe on Vigil's First Amendment right to seek redress from, or petition to, the Court, without retaliation.

### FIFTEENTH AFFIRMATIVE DEFENSE

Nelnet's claims alleged in its Complaint against Vigil are barred by the doctrines of res judicata, claim preclusion or issue preclusion.

### SIXTEENTH AFFIRMATIVE DEFENSE

Vigil answers the allegations of the Complaint as numbered by Nelnet as follows:

1. Upon information and belief, Vigil admits the allegations in paragraph 1 of the Complaint.

2. Vigil admits that he is a resident of Adams County, Colorado, but denies the remainder of the allegations in paragraph 2 of the Complaint.

3. Vigil denies all the allegations in paragraph 3 of the Complaint.

4. Vigil admits that he is not a resident of Colorado, but denies the remainder of the allegations in paragraph 4 of the Complaint.

5. Vigil admits that he was employed as a telemarketer at a Colorado office during the time period alleged, but is without sufficient knowledge to admit or deny the remainder of the allegations in paragraph 5 of the Complaint and therefore denies same.

6. Vigil denies the allegations set forth in paragraph 6 of the Complaint.

7. Vigil denies that the referenced Complaint was filed on May 19, 2007, but admits the remaining allegations.

8. Upon information and belief, the allegations contained in paragraph 8 of the Complaint are admitted.

9. Vigil denies the allegations set forth in paragraph 9 of the Complaint.

10. Vigil denies the allegations set forth in paragraph 10 of the Complaint.

11. Upon information and belief, the allegations set forth in paragraph 11 of the Complaint are admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Upon information and belief, the allegations set forth in paragraph 15 are admitted.

16. Upon information and belief, the allegations in paragraph 16 of the Complaint are admitted.

17. Vigil admits the District Court dismissed the *qui tam* action filed on behalf of the U.S., but denies the remaining allegations in paragraph 17 of the Complaint.

18. Admitted.

19. Upon information and belief, the allegations in paragraph 19 of the Complaint are admitted.

20. Upon information and belief, the allegations in paragraph 20 of the Complaint are admitted.

21. Vigil admits the United States Court of Appeals affirmed the District Court's judgment, and entered an opinion, but denies the remaining allegations.

22. Admitted.

23. The allegations in paragraph 23 of the Complaint are denied.

24. The allegations in paragraph 24 of the Complaint are denied.

25. The allegations in paragraph 25 of the Complaint are denied.

26. The allegations in paragraph 26 of the Complaint are denied.

27. The allegations in paragraph 27 of the Complaint are denied.

28. The allegations in paragraph 28 of the Complaint are denied.

Vigil denies all allegations appearing after the word WHEREFORE in the final unnumbered paragraph of the Complaint and denies that Nelnet is entitled to any relief whatsoever.

## VIGIL'S COUNTER-CLAIMS AGAINST NELNET

29. Vigil is an adult, resident citizen of Commerce City, Colorado, and has never been to Nebraska.

30. On May 19, 2008, Vigil filed a civil action on behalf of the United States of America (U.S.) in the District of Nebraska under the *qui tam* provisions of the false claims act, 31 U.S.C. § 3730(b). These laws enable a private person to file a lawsuit on behalf of the U.S. against anyone that violates the substantive provisions of the false claims act, 31 U.S.C. § 3729. The false claims act prohibits anyone to cause false claims for federal subsidies to be presented to the U.S., and prohibits anyone to cause to be made or used false records or statements to get false claims for federal subsidies paid by the U.S. The *qui tam* Vigil filed alleged that Nelnet, JP Morgan Chase &

Co., and Citigroup, Inc., caused the U.S. damages as a result of their false claims act violations.

31. After the United States District Court for the District of Nebraska dismissed the *qui tam*, Vigil filed an appeal with the Eighth Circuit Court of Appeals for judicial review. The Eighth Circuit Court of Appeals affirmed the District Court's dismissal of the *qui tam*. In response, Vigil filed a Petition for Rehearing *En Banc*, which was also denied by the Eighth Circuit.

32. Nelnet's claims in the Complaint are devoid of factual support, and lack a cognizable basis in law for their assertion. The primary purpose of Nelnet filing the instant Complaint, and bringing these claims against the bankrupt Vigil, is to retaliate against Vigil for filing a *qui tam* on behalf of the U.S., and against Nelnet in 2007, and reporting its illicit conduct to the U.S., harass Vigil, cause Vigil damages, and cause the general public fear from filing a *qui tam* claim on behalf of the U.S. against Nelnet (or others in the same industry) for illegal conduct. Vigil's conduct of bringing the *qui tam*, to seek redress for strapped tax-payer funds Nelnet stole from the U.S., has adversely affected Nelnet's legal and pecuniary interests.

33. Vigil, by filing and prosecuting a *qui tam* action against Nelnet, was performing acts in furtherance of bringing a *qui tam* on behalf of the U.S. pursuant to 31 U.S.C. § 3730(b), and to stop Nelnet's violations of 31 U.S.C. § 3729.

34. For years, Nelnet has known that Vigil filed a *qui tam* against it on behalf of the U.S. and that Vigil provided important information to the government about its claims alleged in that *qui tam*. Nelnet believes that Vigil and others still provide information to the U.S. regarding Nelnet's violations of 31 U.S.C. § 3729. Nelnet has always known that Vigil's conduct in this regard is protected conduct pursuant to 31 U.S.C. § 3730(h) because, according to Nelnet, it has

utilized substantial resources to learn how to defend itself from *qui tam* lawsuits based on violations of 31 U.S.C. § 3729(a).

35.  Nelnet, by filing this Complaint against Vigil, and in other ways to be proven at trial, is harassing and threatening Vigil because of his protected activity in violation of 31 U.S.C. § 3730(h).  Nelnet's conduct in filing this Complaint against Vigil was motivated by Nelnet's wish to harass and punish Vigil for reporting, trying to stop, and seeking tax-payer redress for Nelnet's violations of the false claims act.  The same conduct gives rise to a cause of action in Vigil's favor for damages and injunctive relief against Nelnet.

36.  As a proximate cause of Nelnet's misconduct, Nelnet is causing Vigil damages, and will continue to cause Vigil damages.  Nelnet has interfered with Vigil's business relationships, and damaged his reputation.  Nelnet has and will cause Vigil emotional distress, court costs, legal fees, attorney's fees, litigation costs, and other damages which Vigil will prove at trial.

WHEREFORE, Vigil prays that this Court will dismiss the claims asserted against him by Nelnet, and if this Court retains jurisdiction and venue over Vigil's counter-claims, that this Court will render judgement in Vigil's favor for all damages he may be entitled, compensatory, punitive, and otherwise.

This is the 6th day of December, 2011.

RESPECTFULLY SUBMITTED,

RUDY J. VIGIL


/s/Timothy J. Matusheski
Timothy J. Matusheski (MBN 100998)
PO Box 15758
Hattiesburg, Mississippi 39404

601-307-0221
No Fax
Timmatu@yahoo.com

## CERTIFICATE OF SERVICE

I, Tim Matusheski, hereby certify that I filed a copy of the above and foregoing with this

Court's ECF filing system which sent notice of its filing, with a hyperlink to obtain a copy of

same, to the following:


Derek A. Aldridge
233 South 13th Street, Suite 1400
Lincoln, NE 68508
daldridge@perrylawfir m.com

This is the 6th day of December, 2011.

/s/Timothy J. Matusheski